claimant's husband died July 29, 1922, as the result of injuries sustained in the course. of his employment as engine inspector on the New York Central railroad on June 8, 1918. Said railroad on the latter date was being operated by the Federal government under the Federal Control Act. On March 1, 1919, the Director-General of Railroads and the injured employee made an agreement for compensation under section 20, as it then existed, of the Workmen's Compensation Law of this State which was approved by the State Industrial Commission March 12, 1919, and under such agreement and approval compensation was paid to said employee until the time of his death. Thereafter the claimant herein, the widow of said deceased employee, filed a claim for death benefits on behalf of herself and her infant child. The Appellate Division dismissed the claim on the ground that there was no congressional authority for the proceeding.

*Carl Sherman*, Attorney-General (*E. C. Aiken* of counsel), for appellant.

*Robert E. Whalen* for respondent.

Order affirmed, with costs against State Industrial Board; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, ANDREWS and LEHMAN, JJ. Dissenting: POUND and CRANE, JJ.

---

In the Matter of the Claim of EMIL A. FREITAG, Respondent, against AMERICAN RAILWAY EXPRESS COMPANY, Appellant.

*Workmen's compensation — express messenger injured through jumping from train — when injury rose out of and in course of employment.*

*Freitag* v. *American Railway Express Co.*, 209 App. Div. 233, affirmed.

(Argued October 3, 1924; decided October 21, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 29, 1924, which affirmed an award of the State Industrial Board, made under the Workmen's Compen-

34

sation Law. Claimant, an express messenger, jumped from an express car, when nearing its destination, was thrown under the car and received severe injury. The Industrial Board found that the claimant alighted from the train for the purpose and with the intent of going to the office of his employer to report and procure the signature of his employer's agent to his time slip, which act was required by the employer and that this was an incident of his employment.

*Harry S. Marx* for appellant.

*Carl Sherman, Attorney-General (E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Claim of FAYETTE CLEVELAND, Respondent, against CARLTON J. RICE et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — when employee thrown from sleigh at night, who fell asleep while waiting for a passing vehicle, entitled to compensation for loss of foot through its being frozen.*

*Cleveland* v. *Rice,* 209 App. Div. 257, affirmed.

(Argued October 3, 1924; decided October 21, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 29, 1924, affirming an award of the State Industrial Board, made under the Workmen's Compensation Law. Claimant was employed by a livery-stable keeper at Cuba, N. Y., to convey with a horse and cutter a passenger for a distance of five miles. On the homeward trip claimant was thrown from the cutter and the horse making its escape returned unattended to the stables with the cutter, both uninjured. Claimant wrapped himself in a buffalo robe which had fallen from the cutter and sat down in the snow to wait for a vehicle that might by chance be passing and whereby he might procure his return to Cuba. The time was about one o'clock